IN THE UNITED STATES COURT OF APPEALS
                         FOR THE FIFTH CIRCUIT

                         _____

                            No. 96-20825
                         Conference Calendar
                         _____


SUZANNE FRAME ET AL.,

                                        Plaintiffs,

SUZANNE FRAME,

                                        Plaintiff-Appellant,

versus

ALLAN JAMES ET AL.,

                                        Intervenors-Plaintiffs-Appellees,

versus

S-H, INC., ET AL.,

                                        Defendants.


                      - - - - - - - - - -
              Appeal from the United States District Court
                   for the Southern District of Texas
                        USDC No. CA-H-86-4589
                      - - - - - - - - - -
                         October 23, 1997
Before POLITZ, Chief Judge, and WIENER and DENNIS, Circuit Judges.

PER CURIAM:*

     We must examine the basis of our jurisdiction on our own

motion if necessary.  *Mosley v. Cozby*, 813 F.2d 659, 660 (5th

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Cir. 1987).  The district court's order declining to disqualify the appellees' attorney, declining to cancel the bi-weekly reporting requirement imposed on appellant Suzanne Frame, and declining to vacate orders designating Frame's alter egos is not within the category of orders regarding receiverships that is reviewable pursuant to 28 U.S.C. § 1292(a)(2).  The record does not indicate that the portion of the district court's order regarding the bi-weekly reporting requirement is the type of discovery order that is appealable.  *Natural Gas Pipeline Co. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1405 n.16 (5th Cir. 1993).  Nor does the record indicate that Frame would lose the opportunity for appellate review of her contentions regarding the appellees' attorney and the designation of her alter egos in a later appeal from a conclusive judgment in the judgment creditors' attempt to collect on the judgment against her should we now decline to consider her contentions.  We lack jurisdiction to consider Frame's contentions.

Frame's appeal is frivolous and is part of a pattern of abuse of the appeal process.  We caution Frame that any additional frivolous appeals filed by her or on her behalf will invite the imposition of sanctions.  To avoid sanctions, Frame is further cautioned to review any pending appeals to ensure that they do not raise arguments that are frivolous.

APPEAL DISMISSED;  SANCTIONS WARNING ISSUED.